UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEVEN EDWARD TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-398-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKCASTLE COUNTY COURTS, ET | ) | **MEMORANDUM OPINION** |
| AL., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

***** ***** ***** *****

Plaintiff Steven Edward Tompkins has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] Construing the claims broadly, Tompkins alleges that the Defendants, Rockcastle County Courts, Judges, and Prosecutors, and County Attorney William Reynolds, violated his right to due process of law, guaranteed by the Fourteenth Amendment to the United States Constitution. He alleges that Jailer James Miller violated his right of access to the courts, guaranteed by the First Amendment of the United States Constitution. Finally, Tompkins alleges that Coby Smith of the Kentucky State Police ("KSP") subjected him to cruel and unusual punishment by verbally harassing him.

This matter is before the Court for initial screening. Because this is a civil action that is being pursued by a prisoner against government officers, this Court must screen the plaintiff's claims under 28 U.S.C. § 1915A. Additionally, the Court screens the plaintiff's claims under 28 U.S.C. § 1915(e), since the plaintiff is proceeding *in forma pauperis*. Both of these sections require the Court to screen the Complaint and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants

who are immune from such relief. *Id*. §§ 1915(e) & 1915A.  By separate Order, the Court has granted the plaintiff's motion to proceed *in forma pauperis*.  [R. 3.]

As this is a *pro se* complaint, it is held to less stringent standards than those drafted by attorneys.  *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) (quoting *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983)).  During the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

For the reasons set forth below, Tompkins's §1983 claims will be dismissed with prejudice because they do not have an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## I.

Tompkins originally filed this civil rights action in the Western District of Kentucky on August 24, 2009.  The Western District transferred the action to this Court on November 23, 2009, to satisfy the venue requirements of 28 U.S.C. § 1391(b).

The same day that Tompkins filed the instant § 1983 complaint in the Western District, he also filed a related action in the Western District, *Tompkins v. Reynolds*, No. 09-634-S (W.D. Ky.) ("the Reynolds Action").  On November 23, 2009, the Western District also transferred the Reynolds Action to this Court because of venue considerations.  The Reynolds Action has been docketed in this Court as *Tompkins v. Reynolds*, No. 6:09-CV-397 (E.D. Ky.)

In the Reynolds Action, Tompkins asserted claims against:  (1) William Reynolds, Rockcastle County Attorney; (2) Jeremy Bartlett, Commonwealth Attorney; (3) Millard Root of

the KSP; (4) Tommy Cromer of the KSP; and (5) Coby Smith of the KSP.  Tompkins claimed

that Reynolds, Bartlett, Root and Cromer violated his constitutionally protected right to due

process of law when investigating and charging him with violating Kentucky Revised Statute §

524.055, "Retaliating Against a Participant in the Legal Process," a Class D felony.  Tompkins

alleged that Smith subjected him to cruel and unusual punishment by threatening and verbally

harassing him while he was confined in the Rockcastle County Detention Center ("RCDC").

While Tompkins neither asserted a claim against RCDC Jailer James Miller nor named

him as a defendant in the Reynolds Action, he stated in his Complaint that he relayed Smith's

alleged harassment and threats to Miller.  According to Tompkins, Miller refused to investigate

the matter simply because Smith denied the threat and harassment allegations.  Tompkins further

stated that he complained to the Kentucky Department of Corrections ("KDOC") about Smith's

actions.  He stated that the KDOC wrote him a letter explaining that it would investigate the

matter no further because Jailer Miller had informed the KDOC that "nothing happened."

The Court dismissed the Reynolds Action on initial screening after determining that all of

the claims lacked merit.  The Court will not reiterate its findings and conclusions here.  Instead,

the Court takes judicial notice of the same as set forth in the Order dismissing the Reynolds

Action.  Summarized, the Court dismissed the construed Fourteenth Amendment due process

claims against Defendants Reynolds, Bartlett, Cromer, and Root based on the *Rooker-Feldman*

doctrine ,[1] the case of *Heck v. Humphrey*,  512 U.S. 477, 486-87 (1994), and the doctrine of

---

[1]

 Under the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to
overturn a state court judgment, even when the federal complaint alleges that the state court
judgment violates a claimant's constitutional rights.  *District of Columbia Court of Appeals v.
Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 (1923).

prosecutorial immunity. *Tompkins v. Reynolds*, No. 09-397 (E.D. Ky.) at [R. 13]. The Court dismissed the claims against Smith based on Kentucky's statute of limitations and the failure to allege a constitutional violation. *Id*.

The claims Tompkins asserts in the instant § 1983 proceeding are based on the same facts asserted in the Reynolds Action. In this proceeding, Tompkins has added two new defendants: the Rockcastle County District and Circuit Courts, Judges, and Prosecutors, and James Miller, RCDC Jailer. Broadly construing the Complaint, Tompkins alleges that: (1) the Rockcastle County courts, judges, and prosecutors violated his right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution; (2) RCDC Jailer James Miller violated his right of access to the courts guaranteed by the First Amendment to the United States Constitution; and (3) Smith subjected him to cruel and unusual punishment and/or violated his due process rights. The claims against all of these defendants lack merit and will be dismissed with prejudice.

## II.

### A.

Tompkins's claims are not well defined. Based on the claims asserted in the Reynolds Action, and the fact that Tompkins has twice been criminally prosecuted, Tompkins appears to be alleging in this action that the Rockcastle Circuit and District Courts violated his right to due process of law in violation of the Fourteenth Amendment to the United States Constitution. These claims are precluded by the Eleventh Amendment to the Constitution of the United States, which deprives a federal court of jurisdiction to entertain a suit against a state and its agencies. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100  (1984).

4

The Rockcastle Circuit and District Courts are "arms of the state" for Eleventh Amendment purposes. *Newton v. Kentucky State Police*, No. 06-00042, 2009 WL 648989 (E.D. Ky. March 11, 2009); *Thornton v. Commonwealth of Kentucky*, No. 06-00046, 2007 WL 1662690, at *6, n. 4 (W.D. Ky. June 5, 2007) (noting that Kentucky circuit courts are created by the Kentucky Constitution and compensation for circuit court judges is determined by the General Assembly and paid out of the State Treasury); *McKee v. Fayette Circuit Court*, 68 F.3d 474 (Table), 1995 WL 559331, at *2 (6th Cir. September 20, 1995) (unpublished table decision) (claim against District Court for Fayette County, Kentucky barred by Eleventh Amendment). As Tompkins cannot assert a claim against the Rockcastle County courts as arms of the state, those claims will be dismissed with prejudice.

Although Tompkins broadly names the Rockcastle County "Judges and Prosecutors" as defendants, he does not identify any specific judge as a defendant in this action. These claims must be dismissed. First, any construed official capacity claims against either state court judges or prosecutors would fail on the merits. When a plaintiff sues a state officer in his or her official capacity, the state itself is the actual defendant. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because the Eleventh Amendment deprives a federal court of jurisdiction to entertain a suit against a state and its agencies, *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. at 100, an official capacity claim against a state official claim cannot be maintained. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992).

Second, to the extent Tompkins asserts individual capacity claims against the unidentified Rockcastle County judges arising from their conduct during the course of his two criminal proceedings, the doctrine of judicial immunity would shield the unidentified state court judges

5

from civil liability. *Stump v. Sparkman*, 435 U.S. 349, 356-62 (1978); *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999) ("Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits."); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997).[2]

Finally, any individual capacity claims asserted against Reynolds and the other unspecified Rockcastle County prosecutors named in this action must also be dismissed. As discussed in the Order dismissing the Reynolds Action, Defendant Reynolds, as a prosecutor, is entitled to absolute quasi-judicial immunity, also known as prosecutorial immunity. *Tompkins v. Reynolds*, No. 09-397 (E.D. Ky.) at [R. 13]. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (prosecutor is absolutely immune for acts undertaken in his or her capacity as an advocate for the state which are closely associated with judicial proceedings); *Imbler v. Patchman*, 424 U.S. 409, 430-31 (1976) (defendants who acted within the scope of their prosecutorial duties are entitled to absolute immunity). Likewise, because the claims against any other unidentified Rockcastle County prosecutors would suffer from the same defect as the claims asserted against Reynolds, those claims will also be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**B.**

In the instant proceeding, Tompkins challenges the manner in which Jailer Miller handled his grievance(s) concerning the alleged verbal confrontation by Smith. Broadly construed,

---

[2]

Judicial immunity is overcome in only two instances: where the actions are not taken in the judge's judicial capacity and where the actions, although judicial in nature, are taken in complete absence of all jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11-12 (1991). Tompkins's Complaint does not allege facts which would implicate either of those exceptions.

Tompkins alleges that in ignoring his grievance(s), Miller violated his right of access to the Courts in violation of the that First Amendment to the United States Constitution.

Tompkins claims that Smith threatened and verbally harassed him during the confrontation. Tompkins alleges that Jailer Miller failed or refused to properly investigate the occurrence, claiming that Miller gave inconsistent responses as to whether Smith had even been in the RCDC on the day in question. Tompkins has not stated a viable First Amendment claim concerning the grievance procedures at the RCDC. First, Jailer Miller was not obligated to "properly" respond to Tompkins's alleged grievances in any specific manner, because there is no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982) (a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause).

Second, in order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing"). Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Jackson v. Gill*, 92 Fed. App'x 171, 173 (6th Cir. 2004).

Tompkins has not demonstrated any actual or cognizable injury as a result of Jailer Miller's alleged failure to address his grievance(s) concerning any confrontation by Smith. Tompkins has clearly invoked the judicial process by filing not only this action but also the

Reynolds Action.  Miller's alleged refusal to process Tompkins's grievances in a manner acceptable to Tompkins did not infringe his First Amendment right of access to the courts.  The claim will be dismissed with prejudice.

### C.

The claims asserted against Coby Smith in this action are the same claims Tompkins asserted in the Reynolds Action.  The doctrine of claim preclusion, sometimes referred to as *res judicata*, not only bars a party from attempting to relitigate a claim which has already been decided against the party,  *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n. 6 (1982), but it also bars litigation of every issue which could have been raised with respect to the prior claim. *Westwood Chemical Co*., *Inc., v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  In the Order dismissing the Reynolds Action, the Court has addressed, and dismissed as non-meritorious, Tompkins's constitutional claims against Smith.[3]  *Tompkins v. Reynolds*, No. 09-397 (E.D. Ky.) at [R. 13].  Therefore, Tompkins cannot attempt to re-adjudicate the same claims in this action. Tompkins's constitutional claims against Smith will be dismissed with prejudice.

### III.

The Court being sufficiently advised, it is **ORDERED** as follows:

1.      Steven Edward Tompkins's Complaint [R.1] is **DISMISSED WITH PREJUDICE.**

2.      This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in

---

[3]The Court incorporates its decision with respect to Defendant Coby Smith from the Memorandum Opinion and Order [R. 13] entered in *Tompkins v. Reynolds*, No. 6:09-cv-397 (E.D. Ky.).

favor of the named defendants.

This the 21st day of January, 2010.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge